# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7625 Dorcas Street, Philadelphia, PA 19111

Address of Defendant: 200 Stevens Drive, Philadelphia, PA  19113

Place of Accident, Incident or Transaction:  Philadelphia, PA _____ (*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐   No **X**

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No **X**

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

10. ☐ Social Security Review Cases
(Please specify)

11. **X** All other Federal Question Cases  28 U.S.C. §1441; Notice of Removal
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, William C. McGovern , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X  Relief other than monetary damages is sought.

DATE: 2/23/11          William C. McGovern
                       Attorney-at-Law          Attorney I.D.# 18356

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/23/11          William C. McGovern
                       Attorney-at-Law          Attorney I.D.# 18356

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Avrum M. Baum, as parent and guardian of
Chaya Baum, Individually and on behalf  :
of all others similarly situated     :
             V.            :
                    :
Keystone Mercy Health Plan and     :
AmeriHealth Mercy Health Plan

**Civil Action
No: _____**

DISCLOSURE STATEMENT FORM

Please check one box:

☒           The nongovernmental corporate party, <u>Keystone Mercy Health Plan</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

❑           The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

<u>2/23/11</u>
Date

*William C. McKenna*
Signature

Counsel for:    Keystone Mercy Health Plan and
Amerihealth Mercy Health Plan

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a)    WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:

        (1)    identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

        (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:

        (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

        (2)    promptly file a supplemental statement if any required information changes.

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Avrum M. Baum, as parent and guardian :
of Chaya Baum, Individually and on :
behalf of all others similarly situated :
     V.      :    Civil Action
           :    No: _____
Keystone Mercy Health Plan and  :
AmeriHealth Mercy Health Plan  :

### DISCLOSURE STATEMENT FORM

Please check one box:

☒   The nongovernmental corporate party, <u>AmeriHealth Mercy Health Pla</u>n , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐   The nongovernmental corporate party, _____ , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

_____<u>2/23/11</u>_____    _____<u>William C. Mc Gee</u>_____
Date               Signature
               Keystone Mercy Health Plan and
         Counsel for: <u>AmeriHealth Mercy Health Plan</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

 (a) WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:

   (1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock;  or

   (2) states that there is no such corporation.

 (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

   (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

   (2) promptly file a supplemental statement if any required information changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Avrum M. Baum | : | CIVIL ACTION |
| | : | |
| Vs. | : | |
| | : | |
| | : | |
| | : | |
| Keystone Mercy Health Plan and | : | No. |
| AmeriHealth Mercy Health Plan | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　　( )

| | | |
|---|---|---|
| 2/23/11 | William C. McKeown | |
| **Date** | **Attorney-at-law** | **Attorney for Defendants** |
| 215-575-4236 | 215-563-2583 | wmcgovern@rawle.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

4347605-1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Avrum M. Baum | Keystone Mercy Health Plan <br> AmieriHealth Mercy Health Plan |
| **(b)** County of Residence of First Listed Plaintiff  Philadelphia <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Philadelphia <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) <br> Marc L. Ackerman, Brodsky & Smith, LLC Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004 610-667-6200 | Attorneys (If Known) <br> Rawle & Henderson, LLP  1339 Chestnut Street, One South Penn Square, Philadelphia, PA 19107 215-415-4200 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441
Brief description of cause:
Notice of Removal of Case - (Plaintiff filed as class action in Court of Common Pleas, Philadelphia

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE  2/23/11

SIGNATURE OF ATTORNEY OF RECORD  *William C. McKemn*

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AVRUM M. BAUM, as parent and guardian of )
CHAYA BAUM, Individually and on behalf )
all others similarly situated )
                                     )
                Plaintiff, )    Civil No. _____
vs. )
                                       )
                                       )
KEYSTONE MERCY HEALTH PLAN and )
AMERIHEALTH MERCY HEALTH PLAN )
                Defendants )

## DEFENDANTS' NOTICE OF REMOVAL

The Defendants herein, Keystone Mercy Health Plan, and AmeriHealth Mercy Health Plan, respectfully seek Removal of this civil action pursuant to 28 U.S.C. §1441 to this Court from the Court of Common Pleas, Philadelphia County Commerce Division on the following grounds:

## I.     INTRODUCTION

1.    In this action, Plaintiff seeks class certification, declaratory and injunctive, statutory, punitive, and compensatory damages, restitution, and attorneys fees, based on three claims arising from the alleged loss of a USB drive (or "Flash Drive") at the corporate offices of Defendants.

2.      Defendants accepted service of the Complaint on February 3, 2011.  Defendants have attached a copy of all process and pleadings served upon it in accordance with 28 U.S.C. §1446(a).  There have been no orders issued in the matter.

## II.      THE PARTIES

3.      Defendant Keystone Mercy Health Plan is a general partnership organized under the laws of Pennsylvania with its principal place of business located at 200 Stevens Drive, Philadelphia, Pa. 19113.

4.      Defendant AmeriHealth Mercy Health Plan is a general partnership organized under the laws of Pennsylvania with its principal place of business located at 200 Stevens Drive, Philadelphia, Pa. 19113.

5.      Plaintiff alleges that he is the parent and guardian of Chaya Baum, who has a health insurance policy with Defendant Keystone Mercy Health Plan, and purports to bring this class action complaint on behalf of himself and all other similarly situated individuals.  (*See* Compl., at ¶1).

## III.      PLAINTIFF'S ALLEGATIONS

6.      Plaintiff alleges that on September 20, 2010, a USB drive containing health information of more than 280,000 individuals insured by Keystone Mercy Health Plan and AmeriHealth Mercy Health Plan, "went missing from the corporate offices" of Keystone Mercy Health Plan and AmeriHealth Mercy Health Plan.  (Compl., at ¶22.)

-2-

7.     Defendants informed affected individuals, including Plaintiff, of the loss of the USB drive by letter on October 29, 2010.  (Compl., at ¶23.)  In their notification letter, Defendants advised affected individuals of subsequent investigations and measures taken by Defendants to mitigate potential adverse events stemming from the loss, including credit monitoring services. (Compl., at ¶24).

8.     Plaintiff alleges that Defendants' actions violated standards created by the Health Insurance Portability & Accountability Act ("HIPAA") 42 U.S.C. § 1301 *et seq.,* specifically its corresponding regulations at 45 C.F.R. 164.530, common law, and 73 P.S. § 201-204, Pa. Code § 146c. (Compl., at ¶2.) Specifically, Plaintiff alleges:

a.    "Keystone never identified the precise nature of the lost personal information contained on the missing Flash Drive, saying simply that the information lost was 'health screening information.'" (Compl., at ¶25).

b.    "[T]he personal information contained on the lost Flash Drive included, but was not limited to, names, addresses, phone numbers, both AmeriHealth and Keystone insurance identification numbers, full and partial social security numbers, sensitive financial information, and sensitive health histories of Plaintiff and other Class members." (Compl., at ¶26).

c.    "Defendants permitted their employees to routinely transport the Flash Drive to community health fairs, notwithstanding that the Flash Drive contained private and personal PHI data that could be wholly accessed either by unauthorized individuals or by individuals authorized to access only select portions of that information. Defendants were at least negligent

-3-

in permitting the transportation of the Flash Drive, which contained hundreds of thousands of sensitive records, to health fairs." (Compl., at ¶27).

d. "[T]he lost Flash Drive was not encrypted or otherwise protected, allowing unfettered access to Plaintiff's and other Class members' private and personal information." (Compl., at ¶28).

9. Plaintiff included three counts in his Complaint. Like the factual allegations, the majority of the counts focus on HIPAA or specific duties created under HIPAA, or more specifically 45 C.F.R. §164.530.

a. <u>Count I</u> (violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law): Plaintiff alleges that Defendants violated 73 P.S. §§ 201-2(4)(xiv) and (xxi) which prohibits unfair methods of competition or unfair or deceptive acts or practices." (Compl., at ¶31). In support of this allegation, Plaintiff asserts that Defendants "fail[ed] to comply with the terms of written guarantees or warranties given to the Plaintiff and the other Class members at, prior to, or after a contract for the purchase of goods or services was made." Further, Plaintiff asserts Defendants engaged in "fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding . . . because Defendants created confusion or misunderstanding about the supposed safeguards Defendants purportedly had in place to ensure that PHI...was adequately protected." (Compl., at ¶33).

b. <u>Count II</u> (negligence): Plaintiff alleges, "Defendants failed to exercise reasonable care and also failed to provide Plaintiff and the Class with prompt and sufficient

-4-

notice that their PHI was compromised, breaching their duty to Plaintiff and Class." (Compl., at ¶34.) Plaintiff further alleges that, "[d]efendants' failure to take proper security measures to protect Plaintiff's and the Class' sensitive PHI as described herein constitutes gross negligence and a clear departure from all reasonable standards of care." (Compl., at ¶38). Additionally, Plaintiff alleges, "Defendants' reckless indifference to the proper security measures necessary to protect their members' sensitive PHI created the opportunity necessary for a malicious third party to directly access the PHI data." (Compl., at ¶43).

c.  <u>Count III</u> (negligence per se): Plaintiff states that, "[f]ederal law requires health plans to 'have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information.'  . . . Furthermore, federal law further requires the actual implementation of such safeguards." (Compl., at ¶48) Plaintiff alleges "it is obvious that Defendants did not have in place or implement the federally required appropriate safeguards, from the fact that: (i) employees had the ability to copy sensitive PHI onto the Flash Drive; (ii) the PHI data was not encrypted or otherwise protected; (iii) employees routinely took the Flash Drive to community health fairs; (iv) the Flash Drive was not physically secured; and (v) Defendants are still unable to account for the whereabouts of the Flash Drive." (Compl., at ¶¶50).

10.  Plaintiff seeks several forms of relief including relief under federal law. (Compl., at Prayer for Relief, at 10).

a. Plaintiff requests the court issue a declaratory judgment "that Defendants' misconduct…violated the Federal Regulation governing Privacy of Individually Identifiable Health Information." (Compl., at Prayer for Relief ¶B).

b. Further, Plaintiff prays for an order granting injunctive relief and other equitable relief . . . requiring Defendants to protect, consistent with federal, state, and industry standards, all Class member data they collect . . .." (Compl., at Prayer for Relief ¶C).

## IV. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

11.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331, because it is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, and Plaintiff's claims, including its state law claims, turn on a substantial question of federal law.

12.     28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13.     The United States Supreme Court, "has . . . long recognized that such jurisdiction will lie over some state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

14.     Where a Plaintiff's Complaint "either establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," federal jurisdiction is appropriate. *Koresko v. Murphy*, 464 F. Supp.2d 463, 468 (E.D. Pa. 2006) (citations omitted).

15.    "[A] federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

16.    As demonstrated above, even though Plaintiff couches his legal claims as matters of *State* law,  the resolution of such claims rests entirely on the application and interpretation of the duties imposed by *federal* law, *i.e.*, HIPAA and the regulations promulgated thereunder. Indeed, Plaintiff is requesting a declaratory judgment to the effect that Defendants failed to comply with HIPAA and its corresponding regulations.   Thus,

    a.  In its Prayer for Relief, Plaintiff asks the Court for an order granting relief by, "[d]eclaring that Defendants' misconduct, as described herein, violated the Federal Regulation governing Privacy of Individually Identifiable Health Information." (Compl., at Prayer for Relief, ¶B).

    b.  As a basis for his negligence per se claim, Plaintiff asks the court to determine whether Defendants' alleged actions violated federal law.   In his Complaint, Plaintiff states that "Federal Law requires health plans to 'have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information.'" (Compl., at ¶47).   Further, Plaintiff alleges that the Defendants "did not have in place or implement the federally required appropriate safeguards." (Compl., at ¶49).

    c.  Further, in its Prayer for Relief, Plaintiff seeks injunctive relief, "requiring Defendants to protect, consistent with federal, state, and industry

standards, all Class member data they collect in the course of their business." (Compl., at Prayer for Relief, ¶C.)

17.    Assuming that Plaintiff's child has suffered any cognizable injury, though none is pleaded with any specificity (an issue that must be considered in any initial substantive response to the complaint), it is clear not only that Plaintiff's claims require the application of federal law but that the application of State law would disturb the manifest and preemptive federal interest in and need for uniformity with respect to regulatory schemes governing privacy of protected health information.

18.    The federal government has evinced a strong interest in national uniformity with respect to the privacy of protected health information.

    a. The Preamble to the Standards for Privacy of Individually Identifiable Health Information, Final Rule (hereinafter "Privacy Rule") states that one of the main purposes of the Privacy Rule is to promote national uniformity of health privacy protections. According to the Privacy Rule, one of the three major purposes is, "to improve the efficiency and effectiveness of health care delivery by creating a national framework for health privacy protection that builds on efforts by states, health systems and individual organizations and individuals." 75 Fed. Reg. 82463.

    b. Further the Department of Health and Human Services (hereinafter "HHS") stated in the Preamble to the Privacy rule, "[a]n examination of state health privacy laws and regulations, however, found that 'state laws, with a few notable exceptions, do not extend comprehensive protections to people's medical records.'" In response to the inconsistency of state law

privacy protections HHS stated, "[t]his final rule establishes, for the first time, a set of basic national privacy standards and fair information practices that provides all Americans with a basic level of protection and peace of mind that is essential to their full participation in their care." 75 Fed. Reg. 82463.

19.     It also is the plain intention of Congress to provide for federal jurisdiction. Indeed, Congress recently amended HIPAA through passage of the Health Information Technology for Economic and Clinical Health (hereinafter, "HITECH Act") to provide for a civil action, brought by state attorneys general, may be brought through the federal courts. "[I]n any case in which the attorney general of a State has reason to believe that an interest of one or more of the residents of that State has been or is threatened or adversely affected by any person who violates a provision of this part, the attorney general of the State, as parens patriae, may bring a civil action on behalf of such residents of the State in a district court of the United States of appropriate jurisdiction." 42 U.S.C. § 1320d-5(d)(1) (*emphasis added*).

20.     Further, HIPAA as amended by HITECH states, "[a]ny action brought under paragraph (1) [state attorney general enforcement] may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28." 42 U.S.C. § 1320d-5(d)(6)(A).

## IV.     REMOVAL IS PROPER

21.     The United States District Court for the Eastern District of Pennsylvania is the federal judicial district embracing the Court of Common Pleas of Philadelphia County, where the suit was originally filed.  Venue is therefore proper in this Court under 28 U.S.C. §1441(a).

22.     This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and removal of this action to this court is proper pursuant to 28 U.S.C. §1441.

23.     As noted above, Defendants have attached a copy of all process, pleadings and orders served upon, in accordance with 28 U.S.C § 1446(a) as Exhibit "**A**" .

24.     This Notice is being filed within 30 days after Defendants were served with the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

25.     Pursuant to 28 U.S.C. § 1446 (d) undersigned counsel certifies that the Notice of Removal will be served promptly on Plaintiffs and will be filed with the Clerk of the Court of Common Pleas of Philadelphia County.  A copy of the Notice being filed with the Clerk of the Court of Common Pleas of Philadelphia County is attached hereto as Exhibit "**B.**"

26.     Wherefore, Defendants remove this action to the United States District for the Eastern District of Pennsylvania.

Dated:  February 23, 2011

Respectfully submitted,

RAWLE & HENDERSON, LLP


By:_____
    CHARLES A. FITZPATRICK, III
    WILLIAM C. McGOVERN
    Identification Nos. 23212/18456
    Rawle & Henderson LLP
    One S. Penn Square, 16th Floor
    The Widener Building
    Philadelphia, PA 19107
    Attorneys for Defendants

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JANUARY 2011   003878

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| AVRUM M. BAUM | KEYSTONE MERCY HEALTH PLAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7625 DORCAS STREET<br>PHILADELPHIA PA 19111 | 200 STEVENS DRIVE<br>PHILADELPHIA PA 19113 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | AMERIHEALTH MERCY HEALTH PLAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 8040 CARLSON ROAD<br>HARRISBURG PA 17112 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☒ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | FILED<br>PRO PROTHY<br>JAN 28 2011<br>J. MURPHY | YES        NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   AVRUM M BAUM

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC L. ACKERMAN | BRODSKY & SMITH LLC<br>TWO BALA PLAZA<br>SUITE 602<br>BALA CYNWYD PA 19004 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610) 667-6200 | (610) 667-9029 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 56294 | mackerman@brodsky-smith.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARC ACKERMAN* | Friday, January 28, 2011, 02:27 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Evan J. Smith, Esquire (PA Bar ID 79032)
Marc L. Ackerman, Esquire (PA Bar ID 56294)
BRODSKY & SMITH, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
610-667-6200
610-667-9029 (Facsimile)



*Attorneys for Plaintiffs*

[Additional Plaintiffs' Counsel Appear on Signature Page]

| | |
|---|---|
| AVRUM M.  BAUM, as parent and guardian of Chaya Baum, Individually and on behalf of all others similarly situated, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY COMMERCE DIVISION |
| Plaintiff, | NO. _____ |
| v. | <u>JURY TRIAL DEMANDED</u> |
| KEYSTONE MERCY HEALTH PLAN, and AMERIHEALTH MERCY HEALTH PLAN, | |
| Defendants. | |

## <u>NOTICE</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION

LAWYER REFERRAL AND INFORMATION SERVICE

One Reading Center

Philadelphia, Pennsylvania  19107

Telephone: 215-238-1701

Case ID: 11010387

Evan J. Smith, Esquire (PA Bar ID 79032)
Marc L. Ackerman, Esquire (PA Bar ID 56294)
BRODSKY & SMITH, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
610-667-6200
610-667-9029 (Facsimile)

*Attorneys for Plaintiffs*

[Additional Plaintiffs' Counsel Appear on Signature Page]

| | | |
|---|---|---|
| AVRUM M. BAUM, as parent and guardian of Chaya Baum, Individually and on behalf of all others similarly situated, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY COMMERCE DIVISION |
| Plaintiff, | : | NO. _____ |
| v. | : | JURY TRIAL DEMANDED |
| KEYSTONE MERCY HEALTH PLAN, and AMERIHEALTH MERCY HEALTH PLAN, | : | |
| Defendants. | : | |

## COMPLAINT

## NATURE AND SUMMARY OF ACTION

1.      Plaintiff Avrum M. Baum, as the parent and guardian of Chaya Baum ("Plaintiff"), brings this class action complaint on behalf of himself and all other similarly situated individuals (the "Class") whose privacy was violated through the misfeasance of Keystone Mercy Health Plan ("Keystone") and its affiliate, AmeriHealth Mercy Health Plan ("AmeriHealth," and collectively, the "Companies" or "Defendants").  Plaintiff seeks redress for invasion of privacy caused by the loss of a portable computer USB flash drive ("Flash Drive") containing the personal health information ("PHI") of Plaintiff and other Class members.

1

2.     Defendants, in violation of federal and state law and industry standards, including 45 C.F.R. 164.530, 73 P.S. § 201-204, 31 Pa. Code § 146c and the common law, carelessly and recklessly failed to properly protect Plaintiff's and other Class members' PHI.

3.     Defendants, at least negligently, failed to encrypt the PHI data on the Flash Drive, enabling unauthorized parties to access the PHI data.

4.     Defendants permitted their employees to transport the unprotected PHI data on the Flash Drive to community health fairs notwithstanding the increased likelihood that Plaintiff's and other Class members' PHI data on the Flash Drive would be accessed by unauthorized persons or for unauthorized purposes.

5.     Plaintiff's and the Class members' PHI was compromised as a direct and proximate result of Defendants' unlawful conduct.

6.     Even after the damage to Plaintiff and the Class was done, Defendants failed to properly mitigate the harmful effects caused by their misconduct.

## THE PARTIES

7.     Plaintiff is a resident of Philadelphia, Pennsylvania.  He is the parent and guardian of Chaya Baum, who has a health insurance policy with Defendant Keystone.  Upon information and belief, Chaya Baum's individual PHI data was contained on the Flash Drive that "went missing."

8.     Defendant Keystone, a Pennsylvania corporation, is a health insurance provider headquartered in Philadelphia, Pennsylvania.  Keystone is Pennsylvania's largest Medicaid managed health plan, serving more than 300,000 Medicaid recipients in Southeastern Pennsylvania.

2

Case ID: 11010387

9.     Defendant AmeriHealth, an affiliate of Defendant Keystone, is a Pennsylvania corporation headquartered in Harrisburg, Pennsylvania. AmeriHealth is a Medicaid managed health plan, serving more than 100,000 Medicaid recipients primarily located in Northeastern Pennsylvania. Collectively, Keystone and AmeriHealth insure more than 400,000 Medicaid recipients in the Commonwealth of Pennsylvania.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this class action pursuant to Rule 1702 of the Pennsylvania Rules of Civil Procedure, on behalf of all Keystone and AmeriHealth policyholders whose PHI was compromised through the Defendants' improper handling of the Flash Drive.

11.     Excluded from the Class are: (i) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (ii) persons who properly execute and file a timely request for exclusion from the Class; and (iii) the legal representatives, successors or assigns of any such excluded persons as well as any individual who contributed to the unauthorized access of the PHI data.

12.     Upon information and belief, the Class is comprised of hundreds of thousands of persons, making the joinder of such cases impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

13.     In addition to the large size of the Class, there are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member, including:

a.     Whether Defendants were negligent in collecting and storing Plaintiff's and the Class members' PHI;

3

Case ID: 11010387

b.      Whether Defendants took reasonable steps and measures to safeguard Plaintiff's and the Class members' PHI;

c.      Whether Defendants breached their duty to exercise reasonable care in storing Plaintiff's and the Class members' PHI by storing that data in the manner in which they did;

d.      Whether Plaintiff and the Class are at an increased risk of identity theft or other malfeasance as a result of Defendants' failure to protect the PHI of Plaintiff and the Class; and

e.      Whether Plaintiff and the Class members have sustained damages, and if so, to what degree.

14.     Plaintiff's claims are typical of the claims of the Class he seeks to represent.  The compromised PHI and subsequent injuries of Plaintiff and the Class resulted from Defendants' uniform wrongful conduct.

15.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interest that is antagonistic to those of the Class and Defendants have no defenses unique to Plaintiff.

16.     Plaintiff has retained counsel competent and experienced in complex litigation and class actions.

17.     Given the size of the Class and the accompanying impracticability of joinder of all potential plaintiffs, a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

18.     Furthermore, because the damages suffered by individual members of the Class may be relatively small, few, if any, of the Class members could bear the expense of individual

Case ID: 11010387

litigation. This would have the detrimental effect of allowing Defendants to engage in unlawful conduct without opportunity for the various Class members to seek justice and redress for their injuries.

19.    Furthermore, individual actions create the potential for varied adjudications with respect to the individual plaintiffs, which would confront the party opposing the Class with incompatible standards of conduct.

20.    The prosecution of separate actions by individual members of the Class would also create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

21.    The parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

22.    On September 20, 2010, a Flash Drive containing the personal and sensitive health information of more than 280,000 individuals insured by Keystone and AmeriHealth, including Plaintiff and other Class members, went missing from the Companies' corporate offices. The security breach impacts approximately two-thirds of Keystone's and AmeriHealth's subscribers. According to the Philadelphia Inquirer, "[t]he loss is one of the largest recent security breaches of personal health data in the nation."

23.    Defendants did not inform Plaintiff and the other Class members of the privacy breach until October 29, 2010, close to six weeks after the Flash Drive disappeared, and only after a request was made of Defendants by the Philadelphia Inquirer.

Case ID: 11010387

24.     On October 29, 2010, in a letter addressed to Plaintiff (the "Letter"), Keystone made its first disclosure to the public concerning the lost Flash Drive.

> Keystone Mercy Health Plan wants to let you know that our staff copied your child's member identification number and health screening information onto a portable computer drive.  The drive was lost within our office on September 20, 2010, and we have not been able to find it.  Please accept our apology.  We deeply regret that your child's information may have been shared.
>
> *   *   *
>
> We have thoroughly investigated this situation.  We can assure you we have taken precautions to prevent this from happening again.  We have put safety measures in place that will not let our employees put unencrypted (or un-coded) personal information on a portable drive.  We have also re-trained our employees on the importance or protecting the privacy and security of confidential information.

25.     Keystone never identified the precise nature of the lost personal information contained on the missing Flash Drive, saying simply that the information lost was "health screening information."

26.     Upon information and belief, the personal information contained on the lost Flash Drive included, but was not limited to, names, addresses, phone numbers, both AmeriHealth and Keystone insurance identification numbers, full and partial social security numbers, sensitive financial information, and sensitive health histories of Plaintiff and the other Class members

27.     Furthermore, Defendants permitted their employees to routinely transport the Flash Drive to community health fairs, notwithstanding that the Flash Drive contained private and personal PHI data that could be wholly accessed either by unauthorized individuals or by individuals authorized to access only select portions of that information.  Defendants were at least negligent in permitting the transportation of the Flash Drive, which contained hundreds of thousands of sensitive records, to health fairs.

6

Case ID: 11010387

28.     Upon information and belief, the lost Flash Drive was not encrypted or otherwise protected, allowing unfettered access to Plaintiff's and other Class members' private and personal information.

29.     Defendants at least negligently failed to properly secure the contents of the Flash Drive and failed to impose restrictions upon either the persons permitted to access said contents or the scope of the data to be accessed.  Thus, Defendants have failed to protect the PHI data and as a result, Plaintiff and the other Class members cannot adequately protect themselves from both the improper disclosure and the potential misuse of their PHI data.

## COUNT I

### Violation of the Pennsylvania Unfair Trade
### Practices and Consumer Protection Law

30.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

31.     The conduct described above and throughout this Complaint constitutes unfair methods of competition or unfair or deceptive acts or practices in violation of §201-2(4)(xiv) and (xxi) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter, the "UTPCPL"), 73 P.S. §201-1 *et seq*.

32.     Plaintiff and the other Class members are residents of the Commonwealth of Pennsylvania having valid and in-force health insurance policies with Defendants Keystone and AmeriHealth primarily for personal, family or household purposes within the meaning of 73 P.S. §201-9.2.

33.     Defendants used and employed unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the UTPCPL.  Such unfair methods of

7

competition and/or unfair or deceptive acts or practices include, but are not limited to, the following:

a.      Failing to comply with the terms of written guarantees or warranties given to the Plaintiff and the other Class members at, prior to, or after a contract for the purchase of goods or services was made, under §201-2(4)(xiv) because of the failure to comply with the privacy policies assuring Plaintiff and the Class members that Defendants "set up ways to make sure that all personal health information is used correctly"; and

b.      Engaging in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding under §201-2(4)(xxi) because Defendants created confusion or misunderstanding about the supposed safeguards Defendants purportedly had in place to ensure that the PHI of Plaintiff and the Class was adequately protected.

## COUNT II

### Negligence

34.   Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

35.   Plaintiff and the Class disclosed highly personal and sensitive information to Defendants Keystone and AmeriHealth.

36.   Defendants are and were required to exercise reasonable care to safeguard that information.

37.   Defendants failed to exercise reasonable care and also failed to provide Plaintiff and the Class with prompt and sufficient notice that their PHI was compromised, breaching their duty to Plaintiff and the Class.

8

Case ID: 11010387

38.   Defendants' failure to take proper security measures to protect Plaintiff's and the Class' sensitive PHI as described herein constitutes gross negligence and a clear departure from all reasonable standards of care.

39.   The Defendants' negligence in allowing the Flash Drive to be taken to community health fairs contravened industry standards.  Dr. Deborah Peel, a Texas psychiatrist who heads an industry advocacy group, "Patient Privacy Rights," noted: "[T]hat seems grossly irresponsible... I can't imagine what [Keystone and AmeriHealth] were thinking, taking this data out of a locked room at company headquarters."

40.   As a direct and proximate result of Defendants' failure to exercise reasonable care and comply with statutory and industry standards of reasonable security measures, Plaintiff's and the Class's highly sensitive PHI was accessed and compromised without authorization.

41.   The security breach and resulting unauthorized access to the PHI of Plaintiff and the Class was reasonably foreseeable to Defendants.

42.   Neither Plaintiff nor the Class contributed to the security breach described herein.

43.   Defendants' reckless indifference to the proper security measures necessary to protect their members' sensitive PHI created the opportunity necessary for a malicious third party to directly access the PHI data.  But for Defendants' reckless and/or grossly negligent behavior, Plaintiff's and the Class's PHI would never have been compromised or improperly accessed.

44.   Plaintiff and the Class members have suffered irreparable injury as a result of Defendant's negligence.  Because the stolen information cannot be "returned," the harm suffered by Keystone's misconduct is continuing.

Case ID: 11010387

45.     As a direct and proximate result of Defendants' misconduct, Plaintiff and the Class were injured.

## COUNT III

### Negligence Per Se

46.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

47.     Federal law requires health plans to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. 160.103, 164.530(c)(1).

48.     Furthermore, federal law further requires the actual implementation of such safeguards: "A covered entity must reasonably safeguard protected health information from any intentional or unintentional use or disclosure that is in violation of the standards, implementation specifications or other requirements of this subpart." 45 C.F.R. 164.530(c)(2)(I).

49.     In its October 29, 2010 Letter, Keystone conceded that no such appropriate technical and physical safeguards were in place or implemented prior to the Flash Drive's disappearance.  The Letter stated: "[W]e can assure you we have taken precautions to prevent this from happening again.  We have put safety measures in place that will not let our employees put unencrypted... personal information on a portable drive."  Thus, Keystone itself acknowledged that safeguards preventing such misfeasance were not in place prior to the Flash Drive being lost.

50.     Moreover, even without Keystone's concession, it is obvious that Defendants did not have in place or implement the federally required appropriate safeguards, from the fact that: (i) employees had the ability to copy sensitive PHI onto the Flash Drive; (ii) the PHI data was

Case ID: 11010387

not encrypted or otherwise protected; (iii) employees routinely took the Flash Drive to community health fairs; (iv) the Flash Drive was not physically secured; and (v) Defendants are still unable to account for the whereabouts of the Flash Drive.

51.     Defendants did not have the proper safeguards in place or failed to properly implement such safeguards.  Defendants' failure to properly secure and safeguard Plaintiff's and the Class members' PHI proximately caused the September 20, 2010 disappearance of the unencrypted health information and other private information contained on the Flash Drive.

52.     As alleged herein, Defendants' conduct constituted unfair methods of competition or unfair or deceptive acts or practices in violation of §201-2(4)(xiv) of the UTPCPL.

53.     Defendants' conduct was also in violation of 31 Pa. Code 146c.3-4, which required Defendants to implement an appropriately designed, comprehensive written information security program including administrative, technical and physical safeguards for the protection of customer information from unauthorized access or use.  As set forth above, Defendants did not have in place such reasonable safeguards.

54.     Defendants' violations of the above mentioned federal and Pennsylvania law constituted negligence per se and resulted in injury to Plaintiff and the Class.

55.     The harm Defendants caused to Plaintiff and the Class is exactly the type of injuries the federal and Pennsylvania statutes were designed to protect.

56.     Plaintiff and the Class are persons for whose protection the statutes were legislated.

57.     Defendants' violation of the statutes as described herein resulted in injury to Plaintiff and the Class.

11

Case ID: 11010387

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an order granting the following relief:

A.   Certifying of this case as a class action on behalf of the Class defined above, appointment of Plaintiff Avrum M. Baum as class representative and his counsel as class counsel;

B.   Declaring that Defendants' misconduct, as described herein, violated the Federal Regulation governing Privacy of Individually Identifiable Health Information (45 C.F.R. 160 *et. seq.*), the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. §201-1 *et seq.*) and the Pennsylvania Code governing Privacy of Consumer Health Information (31 Pa. Code § 416b.1), and constitutes negligence and negligence per se.

C.   Awarding injunctive relief and other equitable relief as is necessary to protect the interest of Plaintiff and the Class, including, an order, *inter alia*: (i) prohibiting Defendants from engaging in the wrongful and unlawful acts described herein; (ii) requiring Defendants to protect, consistent with federal, state, and industry standards, all Class member data they collect in the course of their business; and (iii) requiring Defendants to properly mitigate the harmful effects of their wrongful and unlawful conduct;

D.   Awarding damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Class in an amount to be determined at trial;

E.   Awarding all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct;

F.   Awarding restitution of all monies to which Plaintiff and the Class are entitled to in equity;

Case ID: 11010387

G.    Awarding Plaintiff and the Class their reasonable fees and expenses in connection with this litigation, including reasonable attorneys' and experts' fees and expenses;

H.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

I.    Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 28, 2011

**BRODSKY & SMITH, LLC**

By:
Evan J. Smith, Esquire
Marc L. Ackerman, Esquire
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
610-667-6200
610-667-9029 (Facsimile)

**WEISS & LURIE**
Joseph H. Weiss, Esquire
Mark D. Smilow, Esquire
1500 Broadway Avenue
New York, New York 10036
(212) 682-3025

*Attorneys for Plaintiffs*

13

Case ID: 110103876

EXHIBIT "B"

RAWLE & HENDERSON, LLP
BY:    Charles A. Fitzpatrick, III/Arthur B. Keppel
       William C. McGovern/Patrice S. O'Brien
Identification No: 23212/47773/18356/47482
The Widener Building
One South Penn Square
Philadelphia, PA  19107
215-575-4200

**Attorneys for Defendants,
Keystone Mercy Health Plan
and AmeriHealth Mercy Health
Plan**

| | |
|---|---|
| AVRUM  M. BAUM, as parent and guardian of Chaya Baum, Individually and on behalf of all other similarly situated | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| vs. | **JANUARY TERM, 2011**<br><br>**NO. 3876** |
| KEYSTONE MERCY HEALTH PLAN and AMERIHEALTH MERCY HEALTH PLAN | |

**NOTICE OF FILING
NOTICE OF REMOVAL**

Defendants, Keystone Mercy Health Plan and AmeriHealth Mercy Health Plan, through

counsel and pursuant to 28 U.S.C. § 1446(d), hereby gives notice of the filing of the attached Notice

of Removal which has been filed in the United States District Court, Eastern District of

Pennsylvania, Case No. _____.

RAWLE & HENDERSON LLP


BY: _____
         Charles A. Fitzpatrick, III
         William C. McGovern
         Arthur B. Keppel
         Patrice S. O'Brien
         Attorneys for Defendants

4348180-1

## CERTIFICATION OF SERVICE

I, William C. McGovern, attorney for defendants, Keystone Mercy Health Plan and AmeriHealth Mercy

Health Plan, certify that a true and correct copy of the foregoing Notice of Removal for said defendants was

served to the following via regular mail to the postal addresses shown on the date listed below:


Evan J. Smith, Esquire
Marc L. Ackerman, Esquire
Brodsky & Smith, LLC
Two  Bala Plaza, Suite 602
Bala Cynwyd, PA  19004
610-667-6200
610-667-9029 fax
mackerman@brodsky-smith.com
Counsel for Plaintiffs


_____
William C. McGovern


Date: __2/23/11_____

4344525-1